UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4065

JERMAINE AMERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-91-258)

Submitted: September 20, 1996

Decided: October 7, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, Miller A. Bushong
III, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jermaine Amerson appeals from an order of the district court revoking his supervised release and sentencing him to the statutory maximum of two years. Amerson concedes a number of violations of the conditions of supervised release, including possession of crack cocaine, but contends that the district court clearly erred in finding that he possessed crack with intent to distribute. He also argues that revocation of his supervised release and imposition of the maximum sentence was an unreasonable response to the less serious violations he admitted committing. Finding no error, we affirm.

Amerson was previously convicted of possession of crack with intent to distribute. In the four months following his release from prison at the end of August 1995, Amerson failed to participate in required random drug tests on six occasions and tested positive for cocaine use on three occasions. On December 17, 1995, Amerson was arrested with about three grams of crack and six grams of marijuana. He had $1318 in cash in his pocket. The passenger in his car had $500 in cash. Amerson was charged in state court with possession of crack and marijuana with intent to distribute.

At the revocation hearing, Amerson asked that the court continue him on supervised release, allow him to participate in a 28-day inpatient drug treatment program, and thereafter place him on home confinement with electronic monitoring.[1] The government did not oppose his request. Amerson did not testify, but proffered that the drugs he possessed when he was arrested were for his personal use only. A police detective testified that the amount of drugs found on Amerson was consistent with personal use and that, consequently, the money initially confiscated from Amerson had been returned to him. However, the district court questioned the detective's conclusion that the crack was for Amerson's personal use, particularly when both Amerson and his companion were carrying large amounts of cash. The

_____

[1] Amerson waived any argument that this would constitute revocation of his supervised release.

2

court found it equally likely that Amerson had sold some crack just before his arrest and had a small amount left.

Amerson then proffered that the money he was carrying was for payment of taxes on his wife's rental property. The court examined the documents he submitted in support of this explanation, but ultimately found it not credible because the taxes were not due for some months.**2**

We first find that, in view of the circumstances of Amerson's arrest, the district court did not clearly err in finding as a fact that Amerson possessed crack with the intent of selling it. Amerson's second argument also fails. Revocation of Amerson's supervised release was mandatory given that he illegally possessed a controlled substance, see 18 U.S.C.A. § 3583(g)(1) (West Supp. 1996), and the court merely exercised its discretion in sentencing him above the range set out in USSG § 7B1.4, p.s.**3** See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).

The district court's order is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**2** After the money was returned, Amerson's wife used it for car repairs.
**3** United States Sentencing Commission, Guidelines Manual (Nov. 1995).

3